UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FETTERS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>USCB CORPORATION )<br>)<br>Defendant. )<br>) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Bruce Fetters, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Bruce Fetters (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Bruce Fetters ("Plaintiff") is an adult natural person with a mailing address of 318 South Dorcas Street, Lewistown, PA 17044. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, USCB Corporation. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 101 Harrison Street, Archbald, PA 18403-1961.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In January, 2010, Plaintiff began receiving calls from Defendant collecting on an alleged debt owed to the Stratford Career Institute.

8. Plaintiff explained to Defendant and their agents that he had not taken any type of school loan out and this had to be a mistake.

9. Defendant stated that the loan had been taken back in 2004.

10. Plaintiff denies taking a school loan in 2004.

11. During that time, Plaintiff requested that they provide him with verification of this debt.

12. Plaintiff has never received said verification.

13. On or about May 24, 2010 at 3:01 pm, Plaintiff received a call from an agent of the Defendant who instructed Mr. Fetters to send him two payments immediately, the first (1st) for $500 and the second (2nd) for $169. Plaintiff was told this would allow them to remove this charge from his credit report.

14. Neither the Defendant nor Stratford Career Institute is on the Plaintiff's credit report.

15. On or about May 28, 2010 at 11:09 am, Defendant's agent "May Brooklyn", contacted Plaintiff and said that she was now also looking for Defendant's son, Bruce Fetter's, Jr.

16. Defendant's agent, "May Brooklyn", stated that she was calling in regards to an account from March 12, 2010.

17. Plaintiff informed Defendant's agent, "May Brooklyn, that his son did not reside with him and that he did not want to receive any further calls on this matter.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24 At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, USCB Corporation, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
#### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

26. Plaintiff repeat, re-allege and incorporate by reference the foregoing paragraphs.

27. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30. The actions of Defendants', as aforesaid, constitute false, misleading or deceptive representations.

31. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

32. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants', and Order the following relief:

    a. Actual damages;

    b. Treble damages;

    c. An award of reasonable attorneys fees and expenses and costs of court; and

    d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

34. The foregoing paragraphs are incorporated herein by reference.

35. Plaintiff and Defendants' are "Persons" to 73 Pa. C.S § 201-2.

36. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37. The action of Defendants', as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendants' misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b.  Defendants' engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c.  Defendants' failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

  38.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

  39.  By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiff pray this Honorable Court enter judgment in their favor and against Defendants', and Order the following relief:

  a.  An Order declaring that Defendants' violated the UTPCPL;

  b.  Actual damages;

  c.  Treble damages;

  d.  An award of reasonable attorney's fees and expenses and cost of suit; and

  e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: June 7, 2010**

**BY: /s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff